THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).



I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL
(OR PARTIES) AT THEIR RESPECTIVE, MOST RECENT, ADDRESS OF
RECORD, IN THIS ACTION, ON THIS DATE.

DATED: JUN - 1 1999

DEPUTY CLERK

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THREE BOYS MUSIC CORPORATION, | CV 92-1177 LGB (GHKx) |
| Plaintiff, | |
| v. | ORDER GRANTING MOTION FOR WRIT OF EXECUTION FOR SPECIAL MASTER'S FEES AND EXPENSES |
| MICHAEL BOLTON, individually, and d/b/a MR. BOLTON'S MUSIC INC.; ANDREW GOLDMARK; NONPAREIL MUSIC, LTD.; WARNER-TAMERLANE PUBLISHING CORP.; WB MUSIC CORP. and SONY MUSIC, ENTERTAINMENT, INC., | |
| Defendants. | |

## I. INTRODUCTION

On January 17, 1995, this Court appointed Alan L. Isaacman as a Special Master in the matter entitled <u>Three Boys Music Corp. v. Michael Bolton, et al.</u>, CV92-1177 LGB (GHKx). Both Parties allegedly agreed to share the Master's fees and expenses equally.

By the instant motion, Isaacman moves the Court pursuant to Federal Rule of Civil Procedure 53(a) for an issuance of a writ of execution for the Master's unpaid fees and expenses in the amount of $21,718.92 plus interest, against Plaintiff Three Boys Music Corp.

JUN 01 1999

By Minute Order, dated May 26, 1999, this matter was taken off calendar pursuant to Federal Rule of Civil Procedure 78 and Central District Local Rule 7.11 and decided on the basis of the papers submitted.

For the following reasons, this Court GRANTS Isaacman's motion for a writ of execution for special master's fees and expenses.

## II. FACTUAL BACKGROUND

Isaacman alleges the following facts:

By Minute Order, dated January 17, 1995, this Court appointed Isaacman as a Special Master in this matter. See Isaacman Decl., Ex. A. Subsequently, Isaacman commenced performance of his duties as Special Master, and submitted a report to the Court. At the outset, Isaacman, counsel for Plaintiff, and counsel for the Defendants all agreed that Isaacman's fees and expenses would be shared equally, with one-half paid by the Plaintiff and one-half paid by the Defendants. Issaccson rendered his billings accordingly. See Isaacman Decl., ¶ 4.

For a time, Plaintiff and Defendants each paid their one-half shares in accordance with their agreement. However, although the Defendants have paid their half in full, Plaintiff has paid only part of its share, and a balance of $21,718.92 has remained outstanding for a period in excess of two years. See Isaacman Decl., ¶ 5. Monthly statements in that amount have been rendered to Plaintiff's counsel, who has advised Isaacman that he

2

has forwarded those statements on to the Plaintiff. See Isaacman Decl., ¶ 5, Ex. B. Isaacman has not received any objections to the statements, and despite Isaacman's numerous attempts to obtain payment of the balance, Plaintiff has failed to remit any payment since January of 1997.

By the instant motion, filed May 12, 1999, Isaacman moves the Court pursuant to Federal Rule of Civil Procedure 53(a) for an issuance of a writ of execution for the Master's unpaid fees and expenses in the amount of $21,718.92 plus interest, against Plaintiff Three Boys Music Corp. Isaacman served counsel for Plaintiff with notice of the motion by mail on May 11, 1999. The opposition to this motion was due on May 24, 1999. Plaintiff Three Boys Music Corp. did not file an opposition to this motion.

**IV. ANALYSIS**

Federal Rule of Civil Procedure 53(a), governing the appointment of Special Masters, provides in pertinent part:

> The master shall not retain the master's report as security for the master's compensation; but when the party ordered to pay the compensation allowed by the court does not pay it after notice and within the time prescribed by the court, the master is entitled to a writ of execution against the delinquent party.

Fed. R. Civ. P. 53(a).

Here, the requirements of Rule 53(a) have been met. As set forth in Isaacman's declaration, Plaintiff has had ample notice of the amount owing, having received monthly statements for over

3

two years, without objection. While this Court in its Order of Appointment did not specify a particular time for payment, a reasonable time may be inferred, and such a time has undoubtedly passed. Isaacman has repeatedly attempted, without success, to obtain payment from Plaintiff. Having rendered his services, the Special Master is entitled to be compensated therefor. Accordingly, the Court HEREBY GRANTS Isaacman's motion for a writ of execution against Plaintiff in the amount of $21,718.92 plus interest.

## V. CONCLUSION

For the foregoing reasons, the Court HEREBY GRANTS Isaacman's motion for a writ of execution against Plaintiff Three Boys Music Corp. in the amount of $21,718.92 plus interest.

IT IS SO ORDERED.

Dated: May 27, 1999

LOURDES G. BAIRD
United States District Judge